IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

* * * * * * * * * * * * * * * * * * * * * * * *

TROY WILLIAMS,                 *

                                 *

         *Plaintiff,*          *       Civil Action No.: 1:14-cv-001125

                                 *

v.                                *

                                 *

MAYOR AND CITY COUNCIL        *

OF BALTIMORE CITY, *et al.,*       *

                                 *

         *Defendants*          *

* * * * * * * * * * * * * * * * * * * * * * *

<u>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL
MOTION TO DISMISS</u>

      Defendants, Sergeant Brian Flynn and Detective Dane Hicks, by their attorneys, Michael

Marshall, Chaz Ball, and Schlachman, Belsky & Weiner, P.A., submit this Reply to Plaintiff

Troy Williams's Opposition to Defendants' Partial Motion to Dismiss.

*Background*

      On April 9, 2014, Plaintiff filed suit in the United States District Court for the District of

Maryland, Baltimore Division, against Defendants Sergeant Flynn and Detective Hicks, the

Mayor and City Council of Baltimore, the Baltimore Police Department, and Commissioner

Anthony Batts. The Plaintiff brings various state tort claims as well as state and federal

constitutional claims against Defendants Flynn and Hicks, including excessive use of force,

malicious prosecution, false arrest, false imprisonment, civil conspiracy, violations of Articles 24

and 26 of the Maryland Declaration of Rights, violations of Amendments 4 and 14 of the United

States Constitution, and violations of 42 U.S.C. §§ 1983. The Plaintiff's claims are based on an

incident that allegedly occurred on July 22, 2011. The relief requested in the Plaintiff's

Complaint consists of compensatory damages in an amount exceeding three million dollars ($3,000,000), punitive damages, interests and costs, attorney's fees, a trial by jury, and such other relief that the nature of his cause requires.

Defendants filed a Partial Motion to Dismiss on June 17, 2014.  Plaintiff filed a response in opposition to Defendant Flynn and Hick's Partial Motion to Dismiss on July 7, 2014.

*Standard of Review*

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 342 (4th Cir. 1999) (internal quotations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived there from in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A formulaic recitation of the elements of a cause of action is not sufficient to provide the grounds for entitlement to relief.  *Id*.  Dismissal under Rule 12(b)(6) is appropriate if the complaint, so reviewed, can present no set of facts justifying recovery, such as when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.  *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

In this case, accepting all of the Plaintiff's allegations as true, it is clear that the federal claims made in the Complaint fail because the Plaintiff has failed to state a claim by which relief for Count IV and Count V causes of action alleged may be granted against Defendants, Sergeant Flynn and Detective Hicks.

*Argument*

In Sections II.A, II.B, and II.C of Plaintiff's Opposition, Plaintiff claims he has made

viable claims of conspiracy against the Defendants, Sergeant Flynn and Detective Hicks.

However, this Court has recognized that the "intracorporate conspiracy doctrine" bars civil

conspiracy claims against government entities. *See McHugh v. Mayor*, 2011 U.S. Dist. LEXIS

30752, *40-41 fn. 15 (D. Md. 2011). That doctrine "extends to government entities and provides

that employees acting in the normal course of their duties are not legally capable of conspiring

with one another or with the entity of which they are employees." *Id.; see also Carter v. Md.*

*Aviation Admin.*, 2005 U.S. Dist. LEXIS 43075, *15 (D. Md. 2005) ("It is well-settled under the

intracorporate conspiracy doctrine that an entity cannot conspire with itself.").

I.      PLAINTIFF HAS NOT PLED VIABLE CLAIMS OF CONSPIRACY AGAINST
        DEFENDANT FLYNN OR DEFENDANT HICKS.

        A.      Plaintiff's argument fails to allege facts supporting the *prima facie*
                elements of conspiracy.

As a matter of law, Defendants cannot commit civil conspiracy pursuant to the

intracorporate conspiracy doctrine. The Fourth Circuit recognizes the intracorporate conspiracy

doctrine as follows:

> It is basic in the law of conspiracy that you must have two persons or
> entities to have a conspiracy. A corporation cannot conspire with itself
> any more than a private individual can, and it is the general rule that the
> acts of the agent are the acts of the corporation.

*Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952). *See Greenville*

*Publishing Co., Inc., v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974); *Buschi v.*

*Kirven*, 775 F.2d 1240, 1251-53 (4th Cir. 1985). The intracorporate conspiracy doctrine applies

to civil rights cases and to alleged conspiracies involving state government employees. *See, e.g.,*
*Fowler v. Dep't of Educ.*, 472 F. Supp. 121, 122 (E.D. Va. 1978).

In the instant case, Count Four of Plaintiff's Complaint alleges that "Defendants
conspired by entering into express and/or implied agreements, understandings, or meetings of the
minds among themselves for the purpose of initiating and continuing criminal prosecutions"
against Plaintiff on the criminal charge of possession of a controlled dangerous substance
"without any belief that he was guilty of the crimes for which he was charged." (Pl. Compl. ¶¶
77-78). Plaintiff further alleges that the criminal prosecutions against him were instituted
without probable cause and for a purpose "other than bringing [Plaintiff] to justice or securing
the conviction of a guilty person." (*Id.* at 78-79). However, Plaintiff concedes that the
Defendants were employed by the Baltimore Police Department and were acting within the
scope of their employment at all relevant times (*Id.* at 15-16). Further, Plaintiff does not allege
that Defendants Flynn and Hicks entered into any agreements with the Mayor or City Council.
Assuming, *arguendo* that the Defendants entered into an agreement with other members of the
police department, a conspiracy would not have been created because they would have been
acting within the scope of their duties for a single employer (the Baltimore Police Department)
and that single employer cannot conspire with itself.

Section II.A of Plaintiff's Opposition argues that civil conspiracy is not a separate cause
of action, however, Plaintiff's Count IV claim for Conspiracy in Plaintiff's Complaint is alleged
as a separate cause of action. Therefore the Plaintiff's claim for civil conspiracy as that cause of
action should be dismissed by Court.

B.     Plaintiff's Allegations Describe Conduct Within the Scope of
       Defendants' Employment.

Plaintiff's only substantive argument, notwithstanding the Plaintiff's boilerplate

arguments,[1] is that the actions by the Defendants were unauthorized.  *See* Plaintiff's

Memorandum in Opposition to Defendants' Partial Motion to Dismiss, Section II.B.

Case law indicates that even if the actions taken by the officers were unauthorized, as

long as the officers' conduct is within their scope of duties as police officers, the intracorporate

conspiracy doctrine applies.

The test of scope of employment is,

> Whether the tortuous acts were done by the employee in furtherance of the
> employer's business and were such as may fairly be said to have been authorized
> by him. By authorized is not meant authority expressly conferred, but whether the
> act was such as was incident to the performance of the duties entrusted to the
> employee by the employer.

*Ennis v. Crenca*, 322 Md. 285, 293-294 (1991) citing *Sawyer v. Humphries*, 322 Md. 247, 254-

255 (1991) (internal quotations omitted).

In *Larsen v. Chinwuba*, 377 Md. 92, 832 A.2d 193 (2003), the Plaintiff alleged that

Steven Larsen, an Insurance Commissioner, violated the Maryland Insurance Code by releasing

to the press false and defamatory information.  The Court of Special Appeals concluded that

---

[1] In Sections II.A, II.B, and II.C of Plaintiff's argument, the Plaintiff asserts that the conspiracy claim set forth in Count IV of Plaintiff's Complaint is not a separate cause of action as the other claims alleged (including Excessive Use of Force, False Arrest, and False Imprisonment), that the conspiracy claim is not barred by the intracorporate conspiracy doctrine, and that sufficient facts have been pled to support the *prima facie* elements of conspiracy. The arguments in Sections II.A and II.C of Plaintiff's Opposition Memorandum would be relevant if the Partial Motion to Dismiss were based on such issues, and if the actions taken by Defendant Flynn and Defendant Hicks were between members of two different agencies.  However, the actions taken by the Defendants were between members of the same agency, the Baltimore Police Department.  Moreover, Plaintiff's conspiracy claim is set forth as its own count in Count IV of the Plaintiff's Complaint and is therefore asserted as its own separate cause of action.  Plaintiff has also failed to plead sufficient facts to support the *prima facie* elements of conspiracy.  The arguments in Section II.A and II.C of Plaintiff's Memorandum in Opposition are therefore irrelevant to the intracorporate conspiracy analysis.

Larsen was not acting in the scope of his employment because the disclosures violated Section 2-209 (g) of the Insurance Article. *Id.* at 102. The Court of Appeals rejected the argument that an action that violates the law, simply because of the fact that it is a violation, takes the act outside of the scope of one's duties. Citing *Sawyer v. Humphries*, 322, Md. 256-257, 587 A.2d 471, the Court noted that if an action is personal or represents a departure from the purpose of furthering the employer's business, or to protect the individual's own interests, it may be outside the scope of employment.

In this case, there is no allegation that Defendants' actions were personal or in their own interests, or were taken for any purpose other than attempting to further their employer's purpose, i.e. conducting investigations and enforcing the law. The fact that the Plaintiff alleges that Defendants' actions were in violation of the law, whether it be the Constitution, the Maryland Declaration of Rights, or common law, does not in and of itself remove their actions from the scope of employment. The *Larsen* Court noted:

> The sole factor relied upon by the Court of Special Appeals for its holding that the Insurance Commissioner's disclosures were not within the scope of his employment, was that the disclosures were wrongful because they allegedly violated a statute... Moreover, in numerous tort/respondent superior cases, the wrongful act is in violation of the statue.... An employee, otherwise acting within the scope of his or her employment, does not lose that status because the employee's tortuous act violated a motor vehicle statute or any other statue.
>
> Very seldom will an employer specifically authorize an employee to violate a statute, and such authorization is not required for scope of employment purposes. Instead, the key is whether the employee's tortuous act "was incident to the performance of the duties entrusted to him by the [employer].

*Id.* at 108-109 (citations omitted).

Similarly, in *Sawyer v. Humphries*, 322 Md. 247 (l991), the Court stressed that scope of authority did not necessarily require either explicit or implicit authorization.

6

"Authorized" is not meant authority expressly conferred, but whether the act was such as was incident to the performance of the duties entrusted to him by the master, *even though in opposition to his express and positive orders*.

*Id*. at 255 (emphasis added).  Therefore, even if Defendants' actions were in opposition to express positive orders from their employer (which is not alleged in the Complaint), their actions would not be taken outside the scope of employment.

"To be within the scope of employment the conduct must be of the kind the servant is employed to preform and must occur during a period not unreasonably disconnected from the authorized period of employment in a locality not unreasonably distant from the authorized area, and actuated at least in part by a purpose to serve the master."

*Id*. at 255, quoting Mechem on Agency, Section 36; Huffcut on Agency, Section 5; American Law Institute, Restatement, Agency, Section 228, Comment(b), cited in *Eastcoast Lines v. Mayor and City Council of Baltimore*, 190 Md. 256, 285, 58 A.2d 290, 304 (l948).  In the instant case, there is no allegation that Defendants were acting on any personal business or to protect their own interests.  Rather, their actions were not only "not unreasonably disconnected" from their duties, but were in fact directly in the furtherance of their duties.

In *Drug Fair of Maryland vs. Smith,* 263 Md. 341 (l971), Hess, an off-duty police officer, was employed as a store clerk, as well as in a capacity to attempt to quell shoplifting.  *Id.* at 346-347.  The Plaintiff entered the Drug Fair and, by his version of the events, was grabbed from the rear, and placed in a "hammerlock," pushed towards the wall and searched while standing barefoot in broken glass, and was threatened to be shot, then was eventually handcuffed and detained.  Drug Fair argued that Hess' actions went beyond the scope of employment because if he "was simply doing his job when he originally approached Smith, what followed this initial encounter, including the subsequent altercation and arrest, was unrelated to the employee duties and, therefore, Drug Fair is not liable under the theory of 'respondent's superior.'"  *Id.* at 348-

7

349.  The Court noted that:

> The entire incident took place in one brief and continuous sequence, lasting no
> more than 20 minutes.  At all times, Hess was acting at his employer's behest in
> trying to remove the Appellee from the store.  There is no way the initial act in
> which he "took him by the arm, as you would a lady" can be separated from what
> followed.

*Id*.  The Court went on to cite *Baltimore and Ohio R. Co. v. Strube*, 111 Md. 119, 127-28 (l909)

stating:

> If McCarron was acting within the scope of his employment in making an arrest,
> the Defendant would be responsible even if McCarron acted maliciously or
> willfully in committing the assault, because the whole occurrence was but one
> transaction.
>
> * * *
>
> In this case, the arrest and the assault must be treated as so merged together into
> one transaction as to be scarcely separable for practical purposes, even though
> theoretically they can possibly be regarded as distinct acts.

*Id.*

Plaintiff in the present case does not allege conduct outside the scope of Defendants'

employment.  Plaintiff does not allege that Defendants were acting for their personal benefit in

arresting Plaintiff; rather, Plaintiff alleges that Defendants, while in the course of their duties and

in hot pursuit, wrongly determined the suspect was engaged in a drug transaction.  Plaintiff

makes similar allegations to those which occurred in *Houghton v. Forrest*, 412 Md. 578 (2010),

where the officer observed a drug transaction, contacted an arrest team, observed a purchaser

leave the scene, saw a presumed transfer of the drugs, lost sight of the suspect and then identified

and arrested a person.  *Houghton*, 412 Md. at 583.  That arrest, even though determined to be

unlawful, was "incident to [the officer's] general authority as a police officer."  *Id.* at 592.

Defendants conduct, as alleged by the Plaintiff, was not for any personal motive and is conduct

8

which was incident to the duties they are entrusted with as police officers.  Therefore, according to Plaintiff's allegations, Defendants were acting within the scope of their employment.

Plaintiff's argument that Defendant Flynn and Defendant Hicks were engaged in unauthorized conduct is based on an incomplete reading of the cases Plaintiff cites.  In *Hodgin v. Jefferson*, 447 F.Supp. 804, 807 (D.Md.1978), it was held that "unauthorized acts [of an employee] in furtherance of a conspiracy may state a claim under § 1983(3)."  However, the Plaintiff fails to complete the analysis, which is that for this exception to apply, the conduct of a person must be unauthorized *and* the officers must have an "*independent personal stake in achieving the corporation's illegal objective*."  *See Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985) (emphasis added).  Here, even if the conduct of Defendants Flynn and Hicks were unauthorized, an exception may be justified only when the officer has an "independent personal stake in achieving the corporation's illegal objective." 496 F.2d at 399.  Merely alleging that the Defendants' conduct was unauthorized does not allow the exception to the intracorporate conspiracy doctrine to apply.  Here, there is no allegation that either Defendant Flynn or Defendant Hicks had an independent personal stake in the matters alleged.

For the foregoing reasons, Plaintiff's Opposition to Defendants' Partial Motion to Dismiss should be denied because Plaintiff has failed to allege the facts necessary to support a conspiracy cause of action.  Accordingly, Count IV of Plaintiff's Complaint should be dismissed with prejudice.

/s/ Michael Marshall
Michael Marshall (Fed. Bar No. 02587)
mmarshall@sbwlaw.com

_/s/Chaz Ball_____
Chaz Ball (Fed. Bar No. 30044)
Schlachman, Belsky & Weiner, P.A.
300 E. Lombard Street, Suite 1100
Baltimore, Maryland 21202
Phone:  (410) 685-2022
Fax:  (410) 783-4771
*Attorneys for Defendants Flynn and Hicks*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July 2014, a copy of the foregoing

Response to Plaintiff's Motion in Opposition of Defendants' Partial Motion to Dismiss was filed

with the United States District Court for the District of Maryland by electronic filing.  All

counsel of record are being served by the Court's electronic filing system or by first-class mail,

properly addressed and postage prepaid.

/s/ Michael Marshall_____
Michael Marshall

10